# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | **CV 15-0650 FMO (PJWx)** | Date | **February 25, 2015** |
|---|---|---|---|
| Title | **Marline Zayayou v. United Parcel Services** | | |

Present: The Honorable    Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**        **(In Chambers) Order to Show Cause Re:  Remand**

On January 28, 2015, this action was removed to this court pursuant to 28 U.S.C. § 1441 on the ground that the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy meets that jurisdictional threshold.  See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004).  Defendant must show that it is more likely than not that the amount in controversy exceeds $75,000.  Id.  An allegation based on "information and belief" does not meet the preponderance of the evidence standard.  Id.; see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090-91 (9th Cir. 2003) ("Conclusory allegations as to the amount in controversy are insufficient.").

Here, the Declaration of Larry Wogoman, upon which defendants rely to establish the amount in controversy, is conclusory and lacks substantiation.  (See, generally, Wogoman Decl. at ¶ 5).  For example, there is no indication or evidence to establish how many weeks a year plaintiff worked during the relevant time period.  Nor is there any indication how many weeks (out of the weeks she worked in a given year) plaintiff worked approximately 30 hours per week.  Finally, there is no indication as to whether plaintiff received worker's compensation and/or unemployment benefits at any time during the relevant time period.

Based on the foregoing, IT IS ORDERED that:

1.  No later than **March 3, 2015,** defendant(s) shall show cause in writing why this action should not be remanded for the reasons noted above.  **Failure to respond to the OSC by the deadline set forth above shall be deemed as consent to the remand of the action to state court.**

2.  No later than **March 10, 2015**, plaintiff shall file a response to defendant's OSC response.  At a minimum, plaintiff's response should set forth (preferably with a declaration from plaintiff) whether and the amount of any worker's compensation and unemployment insurance benefits plaintiff received during the relevant time period.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | **CV 15-0650 FMO (PJWx)** | Date | **February 25, 2015** |
|----------|---------------------------|------|------------------------|
| Title | **Marline Zayayou v. United Parcel Services** | | |

4. The deadlines set forth in this Order shall <u>not</u> extend the time for filing or responding to any motion for remand filed by plaintiff(s). Any motion to remand should be filed no later than **February 27, 2015**. <u>See</u> 28 U.S.C. § 1447(c).

5. A copy of all papers filed with the court shall be delivered to the drop box outside chambers at Suite 520, Spring Street Courthouse, 312 North Spring Street, **no later than 12:00 noon the following business day**. All chambers copies shall comply fully with the document formatting requirements of Local Rule 11-3, including the "backing" requirements of Local Rule 11-3.5. Counsel may be subject to sanctions for failure to deliver a mandatory chambers copy in full compliance with this Order and Local Rule 11-3.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | vdr | | |